8/6/2020 4:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 45172893
By: Adiliani Solis
Filed: 8/6/2020 4:56 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **EFRAIN GONZALEZ AND** | § | **IN THE DISTRICT COURT OF** |
| **JOSE PINTO CABRERA** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **DAVID SCHANBACHLER, JAMIE** | § | |
| **SCHANBACHLER, THE POOL WHISPERER,** | § | |
| **LLC AND WILLIAM NELSON LAGASSE** | § | |
| | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION
### <u>REQUEST FOR PRODUCTION AND INSPECTION AND REQUEST FOR DISCLOSURE</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFFS, EFRAIN GONZALEZ and JOSE PINTO CABRERA, complaining of

Defendants, DAVID SCHANBACHLER, JAMIE SCHANBACHLER, THE POOL WHISPERER, LLC and

WILLIAM NELSON LAGASSE (hereinafter sometimes jointly referred to as "Defendants"), and for

cause of action would show unto the Court the following:

**I.**
### <u>DISCOVERY PLAN</u>

1.      Plaintiffs intend to conduct discovery in this cause under Discovery Control Plan Level

Three (3) and request a Docket Control Conference so that discovery may be tailored to the

circumstances of this suit.

**II.**
### <u>JURISDICTION AND VENUE</u>

2.      This personal injury case arises from a pool and outdoor kitchen construction project on the

residential premises owned by DEFENDANTS, DAVID SCHANBACHLER AND JAMIE SCHANBACHLER

EXHIBIT A

(hereinafter sometimes jointly referred to as "SCHANBACHLERS"), located at 6803 Sierra Court, Montgomery, Texas 77316.

3.      This Court has jurisdiction over the subject matter and the parties.

4.      Venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a)(3), because DEFENDANT THE POOL WHISPERER, LLC, has a principal office located at 3158 Aspen Fair Trail, Spring, **Harris County, Texas** 77389.  Pursuant to Tex. Civ. Prac. & Rem. Code § 15.005 the Court has proper venue of all Defendants because the claims and actions brought arise out of the same transaction and occurrence.

### III.
### PARTIES AND SERVICE

5.      Plaintiff, EFRAIN GONZALEZ (hereinafter referred to as "GONZALEZ"), is an individual who resides in Katy, Texas. GONZALEZ' TDL number is XXXXX(509) and his Social Security number is XXX-XX-(4931).

6.      Plaintiff, JOSE PINTO CABRERA (hereinafter referred to as "CABRERA"), is an individual who resides in Houston, Texas.

7.      DEFENDANT DAVID SCHANBACHLER is an individual who may be served at his residence address located at 6803 Sierra Court, Montgomery, Texas 77316.

8.      DEFENDANT JAMIE SCHANBACHLER is an individual who may be served at her residence address located at 6803 Sierra Court, Montgomery, Texas 77316.

9.      DEFENDANT THE POOL WHISPERER, LLC, (hereinafter referred to as "THE POOL WHISPERER"), is a domestic Limited Liability Company that may be served through its registered agent, David Talavera, Jr., 3158 Aspen Fair Trail, Spring, Harris County, Texas 77389.

10.     DEFENDANT, WILLIAM NELSON LAGASSE (hereinafter referred to as "LAGASSE"), is an

EXHIBIT A

individual who may be served at his residence address located at 23807 Teneya Canyon, Magnolia, Texas 77355.

**IV.**
**FACTS**

11.     SCHANBACHLERS hired THE POOL WHISPERER to construct a pool and a covered outdoor kitchen structure in their backyard. THE POOL WHISPERER constructed a swimming pool on the SCHANBACHLER'S property. THE POOL WHISPERER hired LAGASSE to design and construct the covered outdoor kitchen structure. LAGASSE constructed a covered structure adjacent to the swimming pool for purposes of an outdoor kitchen. It is not known what the precise dimensions of the outdoor kitchen structure were but, it was rectangular and there was one vertical support column on each corner of the structure. GONZALEZ was hired by LAGASSE to install the liner and shingles on the roof of the outdoor kitchen structure. CABRERA was hired to assist GONZALEZ in installing the liner and shingles on the roof of the outdoor kitchen structure.

12.     LAGASSE informed GONZALEZ that the structure was ready to have the roof installed. On July 3, 2020, GONZALEZ installed the roof liner on the roof decking of the outdoor kitchen structure and verified the type and color of shingles that were needed for the roof of the outdoor kitchen structure to match the shingles of the SCHANBACHLER'S home. On July 4, 2020, GONZALEZ returned with CABRERA to install the shingles. Upon arrival Plaintiffs were greeted and invited on to the premises by DEFENDANT JAMIE SCHANBACHLER, who was present on that day at all material times. After distributing the necessary shingle supplies on the roof decking, GONZALEZ AND CABRERA ascended to the ridge of the roof of the outdoor kitchen structure (estimated to be 14'+ high) to begin installation of shingles. Suddenly the entire outdoor kitchen structure collapsed. GONZALEZ

3

EXHIBIT A

and CABRERA rode the collapsing outdoor kitchen structure to the ground from their position on the ridge of the roof.

13.     It is not known whether the outdoor kitchen structure was designed or planned by an architect, engineer or other building professional qualified in construction framing and load bearing principles. It is not known what qualifications, if any, the persons who built the outdoor kitchen structure had with respect to construction practice and principle. It is also not known whether a building permit was required or obtained or if a licensed or governmental inspector ever inspected the structure after it was built. However, post collapse pictures reveal that the vertical support columns were approximately no more than 14-18" below grade (and perhaps less) with concrete poured around them. When the outdoor kitchen structure collapsed the vertical supporting columns came completely out of the ground together with the concrete that had been poured around them. Based upon this post-incident visual evidence, the outdoor kitchen structure was constructed in an unreasonable, unprofessional and defective manner, without proper structural footing, framing, support or bracing, causing it to be unstable, unsafe and extremely dangerous. Since it could not be ascertained that the vertical supporting columns were too shallow to support the structure based upon visual inspection, neither GONZALEZ or CABRERA had any warning that the outdoor kitchen structure was dangerous and defective.

14.     Plaintiffs sustained serious, permanent and debilitating injuries because of the collapse of the outdoor kitchen structure. GONZALEZ suffered multiple fractures of his pelvic bone, a closed head injury and injuries to his neck and lower back. GONZALEZ required emergency orthopedic surgery with internal fixation of his pelvic fractures. GONZALEZ is currently non-weight bearing (for at least 8 weeks), unable to work and confined to a hospital bed in the living

EXHIBIT A

room of his home and/or a wheelchair. CABRERA suffered, among other injuries, a displaced fracture to his humerus bone that required an orthopedic surgery to stabilize and repair. CABRERA'S surgery required internal fixation with a rod and screws. CABRERA is currently unable to use his arm, is unable to work, will require extensive physical surgery, will require additional surgery and will have permanent disability in the affected arm. CABRERA is also being evaluated and will require treatment for injuries he suffered to his spine in the incident.

## V.
## NEGLIGENCE CLAIMS

**SCHANBACHLERS**

15.     SCHANBACHLERS hired THE POOL WHISPERER and/or LAGASSE to build and install a swimming pool and covered outdoor kitchen structure in their backyard. SCHANBACHLERS exercised control over the design and plans for the swimming pool and outdoor kitchen structure. SCHANBACHLERS provided and/or approved the specifications for the swimming pool and outdoor kitchen structure. SCHANBACHLERS determined and controlled whether they would hire an architect or engineer to review and approve plans and to verify construction and framing requirements for the outdoor kitchen structure. SCHANBACHLERS had actual knowledge that the construction plans for the outdoor kitchen did not have approval or certification from an architect, engineer or other construction expert. SCHANBACHLERS knew or should have known that the outdoor kitchen structure required certain specifications to ensure that it was constructed in a safe, reasonable and prudent manner with proper framing and load bearing characteristics. SCHANBACHLERS threw caution to the wind by hiring THE POOL WHISPERER and LAGASSE without verifying their credentials, background or experience. SCHANBACHLERS failed to warn Plaintiffs of the dangers that existed with respect to the outdoor kitchen structure.

EXHIBIT A

16.    On the occasion in question SCHANBACLERS failed to exercise ordinary care in the planning, design and construction of a swimming pool and outdoor kitchen in their backyard and were negligent in one or more of the following acts or omissions:

- Failing to hire an architect to design the outdoor kitchen structure.

- Failing to hire an engineer to design the outdoor kitchen structure.

- Failing to develop proper plans and specifications for the outdoor kitchen structure.

- Failing to hire a competent and qualified building contractor to develop proper plans and specifications for the outdoor kitchen structure.

- Hiring THE POOL WHISPERER and/or LAGASSE to build the outdoor kitchen structure

- Failing to have a building permit for the swimming pool and/or outdoor kitchen structure.

- Failing to have the outdoor kitchen structure plans reviewed and approved by a qualified architect, engineer or construction expert.

- Failing to properly monitor the construction progress to ensure that the work being performed met design and plan specifications.

- Failing to inspect the outdoor kitchen structure as built for dangerous and defective conditions.

- Failing to have the outdoor kitchen structure as built inspected by a qualified architect, engineer or construction expert.

- Failing to ensure the outdoor kitchen structure had framing specifications that met the load bearing requirements of the structure.

- Hiring incompetent and unqualified contractors to design and build the outdoor kitchen structure.

- Facilitating the construction of a dangerous and defective outdoor kitchen structure.

17.    Each of the above-described acts or omissions of SCHANBACHLERS constitute negligence and are a proximate cause of the collapse of the outdoor kitchen structure and the resulting

EXHIBIT A

physical injuries and damages suffered by Plaintiffs, for which Plaintiffs now sue SCHANBACHLERS to recover.

18.    The outdoor kitchen structure as designed and built was a defective and unreasonably dangerous condition on SCHANBACHLERS property that posed an unreasonable risk of harm. The defective and unreasonably dangerous condition was not open or obvious to Plaintiffs. SCHANBACHLERS had actual knowledge and/or knew or should have known that the unreasonably dangerous condition existed because they hired incompetent and unqualified contractors to construct improvements to their property. Moreover, SCHANBACHLERS knew that they had failed to hire an architect or engineer to design, develop or approve construction plans and specifications for the outdoor kitchen structure. Plaintiffs were invitees of the SCHANBACHLERS. SCHANBACHLERS had a duty to adequately warn Plaintiffs of the defective and dangerous condition or to make the condition reasonably safe and they failed to do either. SCHANBACHLERS breach of duty proximately caused Plaintiffs injuries and damages, for which Plaintiffs now sue SCHANBACHLERS to recover.

19.    On the occasion in question THE POOL WHISPERER and LAGASSE were agents and contractors of SCHANBACHLERS who were acting within the course and scope of their authority. SCHANBACHLERS approved of the construction plans and specifications to be fulfilled by their agents. SCHANBACHLERS had the right to control the work being performed by THE POOL WHISPERER and LAGASSE. The work being performed by THE POOL WHISPERER and LAGASSE was inherently dangerous. SCHANBACHLERS were in possession of their residential premises during all relevant times. Accordingly, SCHANBACHLERS are vicariously liable for the negligent acts and omissions of THE POOL WHISPERER and LAGASSE described hereinbelow.

EXHIBIT A

**THE POOL WHISPERER**

20.    SCHANBACHLERS hired THE POOL WHISPERER to design, plan, build and install a swimming pool and covered outdoor kitchen structure in their backyard. THE POOL WHISPERER designed plans and specifications for the swimming pool and outdoor kitchen structure.  THE POOL WHISPERER had actual knowledge that the construction plans for the outdoor kitchen structure did not have approval or certification from an architect, engineer or construction specialist. THE POOL WHISPERER knew or should have known that the outdoor kitchen structure required certain specifications to ensure that it was constructed in a reasonable and prudent manner with proper framing and load bearing characteristics. THE POOL WHISPERER threw caution to the wind by hiring and incompetent building contractor LAGASSE to construct the outdoor kitchen structure, without verifying his qualifications, credentials, background or experience.

21.    On the occasion in question THE POOL WHISPERER failed to exercise ordinary care in the planning, design, specifications and construction of a swimming pool and outdoor kitchen in their backyard and were negligent in one or more of the following acts of commission or omission:

- Failing to hire an architect to design the outdoor kitchen structure.

- Failing to hire an engineer to design the outdoor kitchen structure.

- Failing to develop proper plans and specifications for the outdoor kitchen structure.

- Failing to hire a competent and qualified building contractor to develop proper plans and specifications for the outdoor kitchen structure.

- Hiring LAGASSE to develop proper plans and specifications for the outdoor kitchen structure.

- Hiring LAGASSE to build the outdoor kitchen structure.

- Failing to have a building permit for the outdoor kitchen structure.

EXHIBIT A

- Failing to have the outdoor kitchen structure inspected by a qualified architect, engineer or construction expert.

- Failing to ensure the outdoor kitchen structure had framing specifications that met the load bearing requirements of the structure.

- Hiring incompetent and unqualified contractors to design and build the outdoor kitchen structure.

- Facilitating the design and construction of a dangerous and defective outdoor kitchen structure.

22.     Each of the above-described acts or omissions of THE POOL WHISPERER constitute negligence and are a proximate cause of the collapse of the outdoor kitchen structure and the resulting physical injuries and damages suffered by Plaintiffs, for which Plaintiffs now sue THE POOL WHISPERER to recover.

**LAGASSE**

23.     SCHANBACHLERS and/or THE POOL WHISPERER hired LAGASSE to design, plan, build and install an outdoor kitchen structure in the SCHANBACHLER'S backyard. LAGASSE designed plans and specifications for the outdoor kitchen structure. LAGASSE had actual knowledge that the construction plans for the outdoor kitchen structure did not have approval or certification from an architect, engineer or construction specialist. LAGASSE knew or should have known that the outdoor kitchen structure required certain specifications to ensure that it was constructed in a reasonable and prudent manner with proper framing and load bearing characteristics. LAGASSE threw caution to the wind by hiring unqualified and incompetent construction labor to build the outdoor kitchen structure, without verifying their qualifications, credentials, background or experience.

EXHIBIT A

24.     On the occasion in question LAGASSE failed to exercise ordinary care in the planning, design and construction of the outdoor kitchen structure and was negligent in one or more of the following acts of commission or omission:

- Failing to hire an architect to design the outdoor kitchen structure.

- Failing to hire an engineer to design the outdoor kitchen structure.

- Failing to develop proper plans and specifications for the outdoor kitchen structure.

- Failing to hire a competent and qualified construction labor to build the outdoor kitchen structure.

- Failing to properly train the construction labor used to build the outdoor kitchen structure.

- Failing to provide proper plans and specifications to the construction labor used to build the outdoor kitchen structure.

- Failing to ensure that plans and specifications used to build the outdoor kitchen structure were being followed by the construction laborers.

- Failing to properly supervise construction of the outdoor kitchen structure.

- Failing to have a building permit for the outdoor kitchen structure.

- Failing to have the outdoor kitchen structure inspected by a qualified architect, engineer or construction expert.

- Failing to ensure the outdoor kitchen structure had framing specifications that met the load bearing requirements of the structure.

25.     Each of the above-described acts or omissions of LAGASSE constitute negligence and are a proximate cause of the collapse of the outdoor kitchen structure and the resulting physical injuries and damages suffered by Plaintiffs, for which Plaintiffs now sue LAGASSE to recover.

## VI.
## GROSS NEGLIGENCE CLAIMS

26.     Plaintiffs also seeks exemplary damages for injuries caused by Defendants' gross

EXHIBIT A

negligence under Tex. Civ. Prac. & Rem. Code § 41.003(a)(3), as defined by Tex. Civ. Prac. & Rem. Code § 41.001(11) and/or under any other statutes, acts, or laws providing for such exemplary damages.

**VII.**
**DAMAGES TO PLAINTIFFS**

27.     As a direct and proximate result of the occurrence made the basis of this lawsuit, PLAINTIFFS suffered physical injuries and damages including, but not limited to, the following:

- Reasonable medical care and expenses in the past.

- Medical care and expenses, that within reasonable probability, will be incurred in the future.

- Physical pain and suffering in the past.

- Physical pain and suffering, that within reasonable probability, will be sustained in the future.

- Mental anguish in the past.

- Mental anguish that, within reasonable probability, will be sustained in the future.

- Physical impairment in the past.

- Physical impairment that, within reasonable probability, will be sustained in the future.

- Past Lost Wages.

- Future Loss of Earning Capacity.

- Disfigurement.

- Incidental Damages and Expenses.

28.     Plaintiffs states that they completely and fully rely on the discretion of a jury to determine

EXHIBIT A

the amount to be awarded in this case. Plaintiffs believe their respective damages to be over $1,000,000 each and seek damages more than $1,000,000 each. However, Plaintiffs reserve the right to increase, decrease, or otherwise amend this amount prior to or during trial dependent on the evidence presented.

**VIII.**
**INTEREST**

29.     Plaintiffs are entitled to recover all pre-judgment and post-judgment interest as allowed by law and here seek such pre-judgment and post-judgment interest.

**IX.**
**DEMAND FOR JURY TRIAL**

30.     Plaintiffs demand a trial by jury. Plaintiffs acknowledge payment this date of the required jury fee.

**X.**
**USE OF DOCUMENTS PRODUCED IN DISCOVERY**

31.     Plaintiffs hereby give notice of intention to use items produced by all parties in discovery at any pretrial proceeding or at trial of this matter and the authenticity of such items is self-proven pursuant to Rule 193.7 of The Texas Rules of Civil Procedure.

**XI.**
**PRESERVATION OF EVIDENCE**

32.     Defendants are hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue, claim or defense in this case is to be preserved in its present form until this litigation is concluded. Failure to maintain such items will constitute "spoliation" of evidence, for which Plaintiffs will seek appropriate sanctions and remedies.

EXHIBIT A

**XII.**
**REQUEST FOR DISCLOSURE TO EACH DEFENDANT**

33.     Plaintiffs Request Disclosures, pursuant to TRCP 194 (a) – (k) from Defendants DAVID SCHANBACHLER, JAMIE SCHANBACHLER, THE POOL WHISPERER, LLC and WILLIAM NELSON LAGASSE.

**XIII.**

**REQUEST FOR PRODUCTION OF DOCUMENTS AND INSPECTION OF PROPERTY**

34.     Pursuant to the provisions of Texas Rule of Civil Procedure 196, Plaintiffs request that Defendants, DAVID SCHANBACHLER, JAMIE SCHANBACHLER, THE POOL WHISPERER, LLC and WILLIAM NELSON LAGASSE, produce and permit Plaintiffs, their attorneys, or anyone acting on their behalf to inspect, sample, test, photograph and/or copy the below designated documents or tangible things. You must respond to this request and your response must be served upon Plaintiffs within fifty (50) days after your receipt of this request.  All objections to any of the following requests must also be served upon Plaintiffs on the fiftieth (50th) day after your receipt of these requests. You are further notified that pursuant to the Texas Rules of Civil Procedure you are required to produce those items requested which are in any other person's custody or control if you have a right to compel the other person to transfer those items to you.

35.     Plaintiffs request inspection of the swimming pool and outdoor kitchen structure and/or the backyard of SCHANBACHLERS' residence at a mutually agreeable time, date and location.

        *To assist in defining and limiting the scope of the discovery requests set forth herein, certain words contained in "quotes" below are defined as follows:*

EXHIBIT A

## DEFINITIONS

"THE POOL WHISPERER", refers to Defendant, THE POOL WHISPERER, LLC, its agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with THE POOL WHISPERER, LLC, or under THE POOL WHISPERER, LLC's control, whether directly or indirectly, including any attorney.

"SCHANBACHLERS", "DAVID SCHANBACHLER" OR "JAMIE SCHANBACHLER" refers to Defendants, jointly and/or individually and their agents, representatives or any other person acting in concert with them or under their control, whether directly or indirectly, including any attorney.

"PLAINTIFFS", "EFRAIN GONZALEZ" or "JOSE PINTO CABRERA" refers to Plaintiffs, jointly and/or individually and their agents, representatives or any other person acting in concert with them or under their control, whether directly or indirectly, including any attorney.

"ACCIDENT MADE THE BASIS OF THIS SUIT", "INCIDENT MADE THE BASIS OF THIS SUIT" "INCIDENT IN QUESTION", Refers to the collapse of the outdoor kitchen structure which occurred on July 4, 2020.

"AND," "OR," "AND/OR", these words shall be construed either disjunctively or conjunctively, as necessary, to make the usage of such words inclusive rather than exclusive.

"DOCUMENT", this word refers to any material and/or any medium on which and/or by which "information" is recorded - including, without limitation, papers (of any kind or character), photographs, moving pictures, videotapes, and any method or medium by which "information" is utilized by computers.  A "request" should be deemed to include a request for a complete copy of any and all studies, reports, memos, inter-office communications and/or writings by whatever name called which relate to the "document" - specifically including, without limitation (1) any material which was used in the preparation of any such "documents"; (2) any and all attachments to such "documents"; (3) any and all items referred to in such "documents"; and (4) any and all subsequent additions, deletions, substitutions, amendments and/or modifications to the original of such "documents."

"IDENTIFY", means to provide the following:

    (a)    With regard to natural persons:  state the name, last known address and telephone number of the person; the name, address and telephone number of the person's employer; if "you" have any business relationship with such person or such person's employer, state the nature of such business relationship;

    (b)    With respect to any entity which is not a natural person:  state the name,

14

last known address and telephone number of such entity; state the nature of the business of said entity; if "you" have any business relationship with said entity, either direct or indirect, state the nature of such relationship.

"INFORMATION", this term should be construed in the broad sense.  It includes reference to both facts and applicable principles.  This word should not be construed to be limited by any method of acquisition or compilation and therefore, includes oral information as well as "documents."

EXHIBIT A

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**:

All contracts for the construction of a swimming pool and outdoor kitchen structure on SCHANBACHLERS' property, including all amendments, supplements, substitutions or changes thereto.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2**:

All drawings, plans and specifications for the construction of a swimming pool and outdoor kitchen structure on SCHANBACHLERS' property, including all amendments, supplements, substitutions or changes thereto.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3**:

All architectural or engineering approvals of the drawings, plans and specifications for the construction of a swimming pool and outdoor kitchen structure on SCHANBACHLERS' property, including all amendments, supplements, substitutions or changes thereto.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

All building permits for the construction of a swimming pool and outdoor kitchen structure on SCHANBACHLERS' property, including all amendments, supplements, substitutions or changes thereto.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5**:

All photographs or video recordings of the SCHANBACHLERS' property, the swimming pool and the outdoor kitchen structure, whether taken before, during or after completion of the project.

**RESPONSE:**

EXHIBIT A

**REQUEST FOR PRODUCTION NO. 6:**

All photographs, video recordings, diagrams, drawings, maps, aerials, plats, or sketches of the scene of the incident regarding the "incident made the basis of this suit."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

All photographs or video recordings of the collapsed outdoor kitchen structure.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**:

All photographs or video recordings of the completed outdoor kitchen structure following the collapse on July 4, 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

All photographs or video recordings of PLAINTIFFS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**:

All written correspondence and communications (including text messages and emails and any attachments) passing between SCHANBACHLERS, THE POOL WHISPERER and LAGASSE relating to the swimming pool or outdoor kitchen construction project.

**RESPONSE:**

EXHIBIT A

**REQUEST FOR PRODUCTION NO. 11**:

All written correspondence and communications (including text messages and emails and any attachments) passing between SCHANBACHLERS, THE POOL WHISPERER or LAGASSE and OSHA concerning the collapse of the outdoor kitchen structure and/or PLAINTIFFS' injuries.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**:

All documents that SCHANBACHLERS, THE POOL WHISPERER or LAGASSE intend to produce at trial regarding the impeachment of Plaintiffs' credibility and/or all medical records relating to any injuries or illnesses that Plaintiffs suffered from which SCHANBACHLERS, THE POOL WHISPERER or LAGASSE allege is not directly attributable to the "incident made the basis of this suit." Plaintiffs are requesting a copy of all medical records of any preexisting medical conditions that SCHANBACHLERS, THE POOL WHISPERER or LAGASSE intends to use to diminish or discredit the physical injuries Plaintiffs are claiming in the present lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**:

All records, documents or other evidence, including but not limited to medical records, which you believe show that any Plaintiff has had these same or similar injuries/damages in the past. In other words, for any of the injuries/damages Plaintiffs are claiming in this case, if you intend to argue or try to prove at trial that they pre-existed the "incident made the basis of this suit" and/or are a pre-existing or aggravated condition(s), please produce all evidence in support of such claims/defenses.  If no such documents are produced pursuant to the rules, then Plaintiff will object to the attempted use of such evidence at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

If you are failing to produce or if you are withholding any information or documentation based on the assertion of any privilege, produce a privilege log of all information or documentation withheld pursuant to Rule 196.3 of the Texas Rules of Civil Procedure describing the information withheld and the specific privilege regarding same.

**RESPONSE:**

EXHIBIT A

**REQUEST FOR PRODUCTION NO. 15**:

All medical, medical billing, employment or wage records of PLAINTIFFS obtained by SCHANBACHLERS, THE POOL WHISPERER or LAGASSE with a HIPPA Authorization signed by either Plaintiff, with deposition upon written questions or with subpoena duces tecum.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**:

All documents, written materials, forms, or other evidence generated as a part of any investigation relating to the "incident made the basis of this suit", and specifically any "accident or incident reports (or other)" made because of the incident in question and before any anticipation of litigation (as anticipation of litigation is defined in law).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**:

All photographs, videotapes, movies, or electronic media containing any photographic, video graphic, or other pictorial or graphic "information" relating to:

   (a)    The property where the incident in questions occurred;

   (b)    Components of the outdoor kitchen structure in question at any time;

   (c)    Plaintiffs;

   (d)    The "incident made the basis of this suit;"

   (e)    Any accident reconstruction of the "incident made the basis of this suit;" and

   (f)    A demonstration of engineering dynamic principles relevant to this suit.

**RESPONSE:**

EXHIBIT A

**REQUEST FOR PRODUCTION NO. 18**:

All documents associated with or generated because of any inspections performed on the SCHANBACHLERS' property on or following the date of the incident in question.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 19:**

Produce a copy of all documents pertaining to any tests, experiments or studies which may be relevant in any matter whatsoever to any issue in this case.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 20:**

Produce copies of all correspondence, e-mails, or any documents pertaining to the incident made the basis of this suit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 21:**

Produce a copy of all documents or exhibits which SCHANBACHLERS, THE POOL WHISPERER or LAGASSE intend to offer or attempt to use at the time of the trial in this matter.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 22**:

Produce any exhibits prepared by SCHANBACHLERS, THE POOL WHISPERER or LAGASSE or its agents, attorneys, investigators or insurance carriers, which are in the possession, custody or control of same, and which you intend to use as exhibits at any deposition taken in this case.

**RESPONSE:**

EXHIBIT A

**REQUEST FOR PRODUCTION NO. 23**:

All documents or other graphic or written materials not otherwise produced herein which SCHANBACHLERS, THE POOL WHISPERER or LAGASSE may use as an exhibit at the trial of this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**

All documents, tangible objects or other items of real, demonstrative, or documentary evidence, which contains, or may contain, material information which is relevant to any of the issues involved in this action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

Produce a copy of all documents relating or referring to reservation of rights as such rights may relate to indemnity or defense of this case that has been communicated to SCHANBACHLERS, THE POOL WHISPERER or LAGASSE.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

Produce a copy of all documents relating or referring to insurance coverage denial as such rights may relate to indemnity or defense of this case that has been communicated to SCHANBACHLERS, THE POOL WHISPERER or LAGASSE.

**RESPONSE:**

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Efrain Gonzalez and Jose Pinto Cabrera, respectfully pray that Defendants be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for Plaintiffs against Defendants for damages in an amount within the  jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury

EXHIBIT A

through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which Plaintiffs may be entitled to receive at law or in equity.

Respectfully submitted,

**CHANDLER, MATHIS & ZIVLEY, PC**

By: *_/s/ W. Perry Zivley, Jr._*

W. Perry Zivley, Jr.
State Bar No. 22280050
8584 Katy Freeway, Suite 105
Houston, TX  77024
(713) 739-7722 – Phone
(713) 739-0922 – Fax
pzivley@cmzlaw.net

**ATTORNEYS FOR PLAINTIFFS**
**EFRAIN GONZALEZ AND**
**JOSE PINTO CABRERA**

EXHIBIT A

8/13/2020 11:49 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 45353272
By: Devanshi Patel
Filed: 8/13/2020 11:49 AM

## CAUSE NUMBER: 2020-47042

**EFRAIN GONZALEZ, ET AL**
**PLAINTIFF**

**IN THE 151ST JUDICIAL DISTRICT**
**COURT OF HARRIS COUNTY, TEXAS**

**VS.**

**DAVID SCHANBACHLER, ET AL**
**DEFENDANT**

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day **ORLANDO M. OCHOA**, personally appeared before me and stated under oath as follows:

My name is **ORLANDO M. OCHOA**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY,  TX 77009, U.S.A.

ON **Friday August 07, 2020 AT 03:09 PM - CITATION, PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR PRODUCTION AND INSPECTION AND REQUEST FOR DISCLOSURE** came to hand for service upon **POOL WHISPERER, LLC(THE) BY SERVING ITS REGISTERED AGENT DAVID TALAVERA, JR.**.

On **Monday August 10, 2020** at **08:49 PM -** The above named documents were hand delivered to: **POOL WHISPERER, LLC(THE) BY DELIVERING TO ITS REGISTERED AGENT DAVID TALAVERA, JR. @ 3158 ASPEN FAIR TRAIL, SPRING, TX 77389, in Person.**

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS                                      DECLARATION

"My name is **ORLANDO M. OCHOA,** my date of birth is 08/15/1975 my business address is **1320 QUITMAN STREET, HOUSTON, TX  77009,** and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **Harris County, State of Texas on Wednesday August 12, 2020**

 **/s/ORLANDO M. OCHOA**                    PSC#12573 EXP. 04/30/22
Declarant                                            Appointed in accordance with State Statutes

2020.08.492429

EXHIBIT A