UNITED STATES DISTRICT COURT	SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
October 27, 2021
Nathan Ochsner, Clerk

Covington Specialty Insurance Company, §
§
Plaintiff, §
§
versus § Civil Action H-21-683
§
The Pool Whisperer, LLC, et al., §
§
Defendants. §

## Opinion on Summary Judgment

1. *Background.*

The Pool Whisperer, LLC, designs and builds pools. Covington Specialty Insurance Company insured The Pool Whisperer for general commercial liability.

On July 4, 2020, Efrain Gonzalez and Jose Cabrera were working at the site where The Pool Whisperer was building a pool. They were injured when the outdoor kitchen that they were roofing collapsed.

On August 6, 2020, Gonzalez and Cabrera sued David Schanbachler, Jamie Schanbachler, The Pool Whisperer, William Lagasse, Lagasse Construction, and Lagasse Enterprises, LLC, in the 151st Judicial District Court of Harris County.

On March 2, 2021, Covington sued The Pool Whisperer, Gonzalez, and Cabrera for two declaratory judgments: (a) it has no duty to defend or indemnify The Pool Whisperer, and (b) it has no duty to indemnify Gonzalez and Cabrera for the claims and damages asserted against the Pool Whisperer. Covington has moved for summary judgment. It will prevail.

2. *Policy Provisions.*

The policy generally covers bodily injury and property damage, but bodily injury expected or intended from The Pool Whisperer's standpoint is excluded – including by gross negligence.

Under section 1 of the policy, coverage is barred for bodily injury to people who: (a) The Pool Whisperer contracts with, or (b) people who work for or contract with any company that contracts with The Pool Whisperer or others on The Pool Whisperer's behalf for services.

3. *Underlying State Court Lawsuit.*

In the 151st Judicial District Court of Harris County, Gonzalez and Cabrera are suing for negligence and gross negligence against:

(a) David and Jamie Schanbachler – the homeowners;
(b) The Pool Whisperer – hired by the Schanbachler's to design and build a pool and outdoor space; and
(c) William Lagasse and his business – hired by The Pool Whisperer to build the outdoor kitchen.

Lagasse hired Gonzalez and Cabrera to roof the outdoor kitchen.

Gonzalez and Cabrera argue that The Pool Whisperer was: (a) negligent in planning, designing, and building the pool and outdoor kitchen, and (b) hiring Lagasse to plan and build the outdoor kitchen.

4. *Declaratory Judgment.*

The facts pleaded in the underlying complaint determine Covington's duty to defend.[1] Covington is not obliged to defend unless the facts pleaded

---

[1] *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 495 (Tex. 2008).

would be covered under the policy.[2] The court must look at the pleaded facts and policy language to see if coverage is possible.[3]

The duty to indemnify is generally determined by the established facts of the underlying suit, but the court may decide earlier "when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify."[4]

The policy language is unambiguous. Coverage for subcontractors and their employees and contractors is excluded. Gonzalez and Cabrera explicitly pleaded in their state court lawsuit that The Pool Whisperer hired Lagasse who hired them. Gonzalez's and Cabrera's claims clearly fall under the policy's exclusions. Covington has no duty to defend The Pool Whisperer for uncovered claims. Because it has no duty to defend, Covington also has no duty to indemnify The Pool Whisperer, Gonzalez, and Cabrera for those same uncovered claims.

Gonzalez, and Cabrera raise a concern with Covington waiting over a year after the state court case was filed to move for summary judgment. They claim that Covington waived the ability to deny coverage by waiting. As Gonzalez and Cabrera concede, multiple problems – from slow discovery responses to service dodging to non-answering parties – have delayed both this case and the underlying case. These delays have made it difficult for all parties involved to determine their legal status. No one party has suffered substantially more prejudice than all of the others.

Covington will not have a duty to defend nor indemnify The Pool Whisperer, Gonzalez, and Cabrera.

---

[2] *Nat'l Union Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 140 (Tex. 1997).

[3] *Ewing Const. Co., Inc. v. Amerisure Ins. Co.*, 420 S.W.3d 30, 33 (Tex. 2014).

[4] *LCS Corr. Servs., Inc. v. Lexington Ins. Co.*, 800 F.3d 664, 674 (5th Cir. 2015).

5. *Conclusion.*

Covington Specialty Insurance Company will not have a duty to defend or indemnify The Pool Whisperer, LLC, in 2020-47042: *Efrain Gonzalez, et al. v. David Schanbachler, et al.* in the 151st Judicial District Court of Harris County.

Covington Specialty will not have a duty to indemnify Efrain Gonzalez and Jose Cabrera for any judgment obtained against The Pool Whisperer in 2020-47042: *Efrain Gonzalez, et al. v. David Schanbachler, et al.* in the 151st Judicial District Court of Harris County.

Signed on October 27, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge